UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rochelle Daniel,

      Plaintiff,

v.                                    Case No. 13-11714

Bluestem Brands, Inc.,                Honorable Sean F. Cox

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

This is a consumer protection case. Plaintiff Rochelle Daniel, *pro se*, alleges that Defendant Bluestem Brands, Inc. ("Defendant" or "Bluestem", improperly referred to by Plaintiff as "Fingerhut Companies, Inc.") accessed her full credit report two to three times without a permissible purpose, in violation of the Fair Credit Reporting Act ("FCRA")[1]. Defendant Bluestem maintains that it had a statutory permissible purpose for which to access Plaintiff's credit report, and that Plaintiff's complaint fails to state a claim.

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #16) and Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. #20). The motions have been fully briefed by the parties. This Court find that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid in the decisional process. *See* Local Rule 7.1(f)(1), U.S.D.C., E.D. Mich. For the reasons set forth below, this Court GRANTS Defendant's

_____

[1]15 U.S.C. § 1681-1681 *et. seq.*

Motion to Dismiss, DENIES Plaintiff's Motion for Leave, and DISMISSES Plaintiff's Second Amended Complaint.

## BACKGROUND

Defendant Bluestem Brands, Inc., operating under the assumed name "Fingerhut", maintains an online shopping website that sells home and family merchandise. Plaintiff Rochelle Daniel is an individual who resides in Detroit, MI.

On April 16, 2011, Plaintiff obtained a copy of her Equifax credit report. (Pl.'s 2d. Amd. Compl. at ¶ 7). Upon reviewing her credit report, Plaintiff noticed that "Fingerhut" had accessed her credit report on September 9, 2010. (Pl.'s 2d. Amd. Compl. at ¶ 7; *see also* Equifax Report, attached to Pl.'s 2d. Amd. Compl. at Ex. 2). Plaintiff then obtained a copy of her TransUnion credit report, at which point she learned that "Metabank/Fingerhut" had also obtained her credit report from TransUnion on September 9, 2010. (Pl.'s 2d. Amd. Compl. at ¶ 8; *see also* TransUnion Report, attached to Pl.'s 2d. Amd. Compl. at Ex. 3).

Plaintiff called Defendant to "find out why [her] credit reports were obtained." (Pl.'s 2d. Amd. Compl. at ¶ 9). Plaintiff spoke with one of Defendant's agents in the Credit Department who informed Plaintiff that three applications for credit in Plaintiff's name were submitted to Defendant via its website. (Pl.'s 2d. Amd. Compl. at ¶ 9). Later on during that phone call, after having been transferred to a different department, one of Defendant's other agents clarified for Plaintiff that only two applications were submitted online instead of three. (Pl.'s 2d. Amd. Compl. at ¶ 10). Further correspondence from Defendant to Plaintiff indicates that at least one application for credit in Plaintiff's name my have been made via telephone on September 9, 2010. (Pl.'s 2d. Amd. Compl. at ¶ 15; *see also* Fingerhut Letter to Pltf., attached to Pl.'s 2d. Amd. Compl. at Ex. 6). Plaintiff

appears to maintain that she did not submit any application for credit to Fingerhut, although she never explicitly states as much.

In response to her inquiries, Defendant provided Plaintiff with two Application Decision Summaries. (Pl.'s 2d. Amd. Compl. at ¶ 12; *see also* Application Decision Summaries, attached to Pl.'s 2d. Amd. Compl. at Ex. 4). The Application Decision Summaries make reference to Experian, which is another consumer credit reporting agency. Plaintiff inquired with Defendant's agent as to Experian's involvement with the applications, to which Defendant's agent replied via e-mail that "Experian is the credit bureau we contacted to obtain a FICO score for you to determine credit eligibility." (Pl.'s 2d. Amd. Compl. at ¶ 14, *see also* E-mail from Melanie Rose of Bluestem Brands to Plaintiff, attached to Pl.'s 2d. Amd. Compl. at Ex. 5).

The Application Decision Summaries appear to indicate that two applications for credit in the amount of $59.98 were made in Plaintiff's name on September 9, 2010, at 2:26 p.m. and 2:27 p.m. (Pl.'s 2d. Amd. Compl. at Ex. 4). They also contain Plaintiff's personal information, including her address, social security number, telephone number, and date of birth. (Pl.'s 2d. Amd. Compl. at Ex. 4). Both credit applications were denied. (Pl.'s 2d. Amd. Compl. at Ex. 4). Plaintiff claims that "any alleged credit transaction on September 9, 2010, was fabricated." (Pl.'s 2d. Amd. Compl. at ¶ 27).

Plaintiff filed suit on April 16, 2013 against Fingerhut, METABANK/Fingerhut, and Fingerhut Companies, Incorporated[2] (Doc. #1), alleging that one or more of these entities are liable to her for violating the Fair Credit Reporting Act by impermissibly obtaining her credit reports.

_____

[2]Defendant Bluestem Brands, Inc. maintains that it is the only proper defendant in this case. (Def.'s Mo. at p. 1 fn 2).

3

Plaintiff filed an Amended Complaint as of right on May 16, 2013 (Pl.'s 1st Amd. Compl, Doc. #5) and a second Amended Complaint with the consent of opposing counsel on September 11, 2013. (Pl.'s 2d. Amd. Compl., Doc. #14).

Defendant now moves to dismiss Plaintiff's Second Amended Complaint (Doc. #16) for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff opposes Defendant's motion and has also filed her own Motion for Leave to File a Third Amended Complaint. (Doc. #20).

### STANDARD OF DECISION

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When reviewing a *pro se* plaintiff's complaint on a motion to dismiss, the Court should review the pleadings liberally and hold the plaintiff to a less stringent standard than a licensed

4

attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

## ANALYSIS

**1.      This Court Dismisses Plaintiff's Claim Against Bluestem For Violation Of FCRA Section 1681b(f) Because Plaintiff Has Not Plead Facts Showing Bluestem Accessed Her Credit Reports For An Impermissible Purpose.**

Plaintiff alleges that Defendant Bluestem obtained her consumer credit report from several credit reporting agencies without a permissible purpose, in violation of FCRA section 1681b(f). Defendant Bluestem argues that this Court should dismiss Plaintiff's claim for violation of FCRA section 1681b(f) because Plaintiff has not alleged facts to state a plausible claim for relief. Specifically, Defendant argues that Plaintiff has not plead facts establishing that it accessed Plaintiff's credit report for a non-permissible purpose.

Section 1681b sets out the conditions under which consumer credit reports may be furnished by a consumer credit agency.  The FCRA states that a consumer reporting agency may furnish a consumer credit report

(3)      [t]o a person which it has reason to believe

    (A)      intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

  . . .

    (F)      otherwise has a legitimate business need for the information —

        (i)      in connection with a business transaction that is initiated by the consumer; or

        (ii)      to review an account to determine whether the consumer continues to meet the terms of the account.

5

15 U.S.C. §§ 1681b(a)(3)(A), (a)(3)(F).  Section 1681b(f) of the FCRA states that

> A person shall not use or obtain a consumer report for any purpose unless—
>
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
>
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).  "Based on these statutory provisions, the courts have found that a plaintiff must establish three elements in order to sustain a claim of improper use or acquisition of a credit report: (i) that there was a consumer report within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose." *McFarland v. Bob Saks Toyota, Inc.*, 466 F. Supp. 2d 855, 867 (E.D. Mich. 2006), *citing Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002).  In addition, the plaintiff must demonstrate that the defendant acted with the requisite degree of culpability – either negligence under 15 U.S.C. § 1681o(a), or willfulness under 15 U.S.C. § 1681n(a) – in order to impose civil liability under the FCRA. *See Grendahl*, 312 F.3d at 364.

"A showing of a permissible purpose is a complete defense.  Thus, to establish a violation, Plaintiff must show that [defendant] lacked a permissible purpose in obtaining his credit reports." *Rydell v. Servco Auto Windward*, 2011 WL 5506088 at *2 (D. Haw. Nov. 9, 2011) (citations omitted).  In *Rydell*, the plaintiff alleged that the defendant violated the FCRA by obtaining his credit report from each of the three reporting agencies when he authorized defendant to obtain only one credit report.  The court, relying on principles of statutory and contractual interpretation, rejected that argument and granted defendant's 12(b)(6) motion to dismiss, finding that the term "a consumer credit report" can refer to multiple reports.  *Rydell*, 2011 WL 5506088 at *4.  Thus,

6

because the defendant had a permissible purpose to obtain a consumer's credit report, it failed to state a claim upon which relief could be granted. *Id.*

Plaintiff alleges, in her Second Amended Complaint, that Defendant "falsely certified to Equifax to obtain a report it was not entitled to, given that, it had already obtained [her] FICO score from Experian to determine credit eligibility . . . ." (Pl.'s 2d. Amd. Compl. at ¶ 19). Plaintiff claims that Defendant is liable for the same transgression with respect to its access of her Trans Union credit report. (Pl.'s 2d. Amd. Compl. at ¶ 18). Plaintiff further claims that Defendant Bluestem "acted willfully and knowingly in requesting and obtaining" her Trans Union and Equifax credit reports "without a permissible purpose." (Pl.'s 2d. Amd. Compl. at ¶¶ 30, 32). Plaintiff appears to be arguing that Defendant did not have a permissible purpose to access her credit report more than once. (Pl.'s 2d. Amd. Compl. at ¶¶ 16-19).

Relying on *Rydell*, Defendant argues that nothing in the text of the FCRA prevents an entity from accessing a consumer's credit report multiple times, especially in response to multiple credit applications. (Def.'s Reply at pp. 1-3). Defendant asserts that it was entitled to pull Plaintiff's credit report more than once, from difference reporting agencies, because nothing in the text of the FCRA forbids it and multiple applications for credit were made in Plaintiff's name. (*See* Application Summaries, attached to Pl.'s 2d. Amd. Compl. at Ex. 3, 4).

This Court finds *Rydell* persuasive, and therefore finds that Plaintiff cannot prevail on her theory that Defendant violated the FCRA by obtaining her credit report from multiple agencies. First, Plaintiff appears to concede that Defendant did receive at least one application for credit using her name and personal information. On that basis, Defendant had a permissible purpose to obtain Plaintiff's credit report. (*See* 15 U.S.C. § 1681b(a)(3)(A) (permitting a credit report pull in

7

contemplation of an extension of credit).  Not only is a permissible purpose a complete bar to recovery, *see Rydell*, 2011 WL 5506088 at *2, but the fact that Defendant accessed Plaintiff's credit history through different agencies does not make Defendant's otherwise permissible conduct actionable.  *See Rydell*, 2011 WL 5506088 at *4.  Based on the exhibits attached to Plaintiff's complaint, it appears difficult for Plaintiff to deny that Defendant likely received more than one, and possibly three, consecutive applications for credit in Plaintiff's name in a short amount of time.

Plaintiff appears to assert that she did not apply for credit from Defendant.  (Pl.'s 2d. Amd. Compl. at ¶¶ 7-9, 24).  Even assuming Plaintiff did not personally submit a credit application, that does not alter the analysis.  Other courts have held that a potential creditor does not violate section 1681b(f) when it accesses a plaintiff's credit report for a permissible purpose, even if the plaintiff's identity was stolen and the plaintiff did not initiate the business contact.  *Bickley v. Dish Network, LLC*, 2012 WL 5397754 at *5 (W.D. Ky, Nov. 2, 2012), *citing Ewing v. Wells Fargo Bank*, 2012 WL 1844807 at *5 (D. Ariz. May 21, 2012).  In that instance, the entity lacks the requisite culpability to impose civil liability for violation of the FCRA.  *Id.*

Here, Plaintiff has not alleged facts that show Defendant did not have a permissible purpose to pull her credit report, and the facts as alleged actually support the conclusion that Defendant had a permissible purpose for accessing Plaintiff's credit history (namely, an application for credit).  Because permissible purpose is a complete bar to recovery,  Plaintiff has failed to state a claim under section 1681b(f) and this Court GRANT Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint as to Counts 2 and 4.

**2.**     **This Court Dismisses Plaintiff's Claim Against Bluestem For Violation Of FCRA Section 1681q Because The Claim Is Duplicative Of Plaintiff's Section 1681b(f) Claim.**

Plaintiff alleges in Counts 1 and 3 of her Second Amended Complaint that Defendant's conduct also violated section 1681(q) of the FCRA.  Defendant argues that this Court should dismiss Plaintiff's claims that rely on  section 1681q of the FCRA because it is a criminal provision and is duplicative of Plaintiff's section 1681b claims.  Plaintiff did not respond to these arguments.

This Court agrees with Defendant that Plaintiff's reliance on section 1681q is inappropriate. Section 1681q is, on its face, a criminal statute.  *See* 15 U.S.C. § 1681q ("Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both.").  Prior to the amendment of the FCRA in 1996, courts relied on section 1681q to impose civil liability on illegal users of consumer credit reports because no other civil liability then existed in the statutory scheme.  *See Grendahl*, 312 F.3d at 363-64.  Courts have recognized that, since the FCRA was amended to include section 1681b(f), the civil liability provision, reliance on section 1681q to impose civil liability on users of consumer credit reports is "anachronistic and unnecessary." *Grendahl,* 312 F.3d at 364; *see also Raymond v. Raymond*, 2005 WL 2491442 at *2 (N.D. Ill. Oct. 7, 2005).  Because Plaintiff's reliance on section 1681q in this case would be "anachronistic and unnecessary," this Court GRANTS Defendant's Motion To Dismiss as to Counts 1 and 3 of Plaintiff's Second Amended Complaint.

**3.**     **This Court Dismisses Plaintiff's Claim Against Bluestem For Intrusion Upon Seclusion Because Plaintiff Has Failed To Plead Facts Showing Bluestem Accessed Her Credit Report In A Highly Objectionable Manner.**

Plaintiff's Second Amended Complaint contains a tort claim based on Defendant's alleged intrusion into Plaintiff's private affairs, i.e. her credit history.  Defendant argues that this Court

should dismiss Plaintiff's claim for intrusion upon seclusion because Plaintiff has not alleged facts showing its method of Plaintiff's credit reports was highly objectionable to a reasonable person. (Def.'s Br. at 10-11).

"To establish an action for intrusion upon seclusion, the plaintiff must demonstrate: (1) the existence of a secret and private subject matter; (2) a right possessed by the plaintiff to keep that subject matter private; and (3) the obtaining of information about that subject matter through some method objectionable to a reasonable man." *Doe v. Peterson*, 784 F. Supp. 2d 831, 842 (E.D. Mich. 2011), *citing Tobin v. Civil Serv. Comm'n*, 416 Mich. 661, 673-74, 331 N.W.2d 184 (1982); *Doe v. Mills*, 212 Mich. App. 73, 88 (1995).

An action for intrusion focuses on the manner in which information is obtained, not its publication. *Peterson*, 784 F. Supp. 2d at 842, *citing Mills*, 212 Mich. App. at 88. "An action does not exist where "[t]he only aspect of the contemplated disclosure offensive to the plaintiffs is the fact of disclosure, not the method by which it was obtained." *Peterson*, 784 F. Supp. 2d at 842, *citing Tobin*, 416 Mich. at 674. Additionally, as Plaintiff points out, a defendant is not liable for intrusion if he or she has a legitimate interest in the subject matter. (Pl.'s Resp. at 5, *citing Saldana v. Kelsey-Hayes*, 178 Mich. App. 230, 234-35 (1989)); *see also Baggs v. Eagle-Picher Indus., Inc.*, 957 F.2d 268, 275 (6th Cir. 1992).

This Court finds that Plaintiff's intrusion upon seclusion claim fails because, as Defendant argues, she has not plead facts establishing that Defendant accessed her credit reports in a highly objectionable manner. First, in Plaintiff's Second Amended Complaint, she pleads, by and large, conclusory statements that this Court is not required to accept as true. For example, Plaintiff claims that "Defendant appears to have fabricated any credit transaction on September 9, 2010". (Pl.'s 2d.

Amd. Compl. at ¶ 40).  Plaintiff also alleges that "Defendant knowingly and intentionally intruded illegally and unnecessarily into Plaintiff's right to privacy is [sic] objectionable to a reasonable man." (Pl.'s 2d. Amd. Compl. at ¶ 41).  Plaintiff claims that Defendant's access of her Equifax and TransUnion credit reports was highly objectionable because "[d]efendant used illegal means for obtaining information it was not entitled to is [sic] 'objectionable' for purposes of the intrusion upon seclusion tort." (Pl.'s Resp. at 5).  These allegations are not plausibly supported by well-plead facts. Therefore, this Court GRANTS Defendant's Motion to Dismiss as to Count 5 of Plaintiff's Second Amended Complaint.

**4.  This Court Denies Plaintiff's Request for Leave To File A Third Amended Complaint Because Amendment Would Be Futile.**

During the course of this litigation, Plaintiff has filed an original complaint (Doc. #1) and two Amended Complaints (Doc. #5 and Doc. #14).  Defendants stipulated to allow Plaintiff to file her Second Amended Complaint.  (Doc. #12).  Now, Plaintiff has filed a motion seeking leave of court to file a Third Amended Complaint.  (Doc. #20).  Defendant opposes this motion.  (Doc. #22).

Plaintiff argues that she should be allowed to file a Third Amended Complaint because the Court should freely award *pro se* plaintiffs leave to amend their complaint to avoid an "inadvertent forfeiture of important rights because of their lack of legal learning." (Pl.'s Mo. at 3, *citing Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).  Plaintiff also avers that Defendant will not suffer substantial prejudice if this Court grants her leave to file yet another amended complaint.

Defendant argues that Plaintiff's amendment would be futile.  Specifically, Defendant argues that Plaintiff's Proposed Third Amended Complaint does not contain any additional legally relevant facts.  (Def.'s Resp. (Doc. #22) at 1)).

Plaintiff's request for leave to amend her complaint is governed by Federal Rule of Civil

Procedure 15(a)(2).  Fed. R. Civ. P. 15(a)(2) (". . . a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.").   This Court may deny Plaintiff's motion to amend her complaint if amendment would be futile.  *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010).  "A proposed amendment is futile if the amendment could not withstand a 12(b)(6) motion to dismiss."  *Id.*

Defendant argues that Plaintiff's Proposed Third Amended Complaint would not withstand a 12(b)(6) motion to dismiss.  This Court agrees.  Plaintiff has not come forth with any additional *facts* that would change this Court's analysis of Defendant's current motion to dismiss.

Plaintiff appears now to advance the theory that Defendant totally fabricated the credit applications so that it could access her credit report for some unknown purpose.  To the extent that Plaintiff pleads additional legal conclusions that are unsupported by competent factual allegations, that this Court need not accept them true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (noting that the court does not have to accept as true "legal conclusions or unwarranted factual inferences.").

Where Plaintiff has plead facts rather than conclusions, the facts do not warrant the inferences she relies upon. For example, Plaintiff seeks to add certain allegations to her complaint such as, "[s]ince [sic] Fingerhut manufactured that three credit applications were made on their website then Fingerhut manufactured the IP address as well." (Proposed Third Amended Complaint, attached to Pl.'s Mo. at Ex. 2, ¶ 23).  Plaintiff appears to argue that the Application Decision Summaries documents were fabricated because the date 8/31/11 appears on the bottom of the pages. (*See* Pl.'s Mo. at p. 4; *see also* Pl.'s Mo. at Ex. 5).  Plaintiff's desired inference is not a plausible

12

one, given that the date's placement on the page very likely indicates the date that the documents were printed, not created. Further, Plaintiff has plead no other facts indicating that Defendant manufactured the credit applications or the IP address from which they came.

In short, Plaintiff does not seek to plead any new facts which would have saved her Second Amended Complaint from dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or which would save her Third Amended Complaint from dismissal on the same basis. Therefore, this Court DENIES Plaintiff's Motion for Leave to File a Third Amended Complaint.

## CONCLUSION & ORDER

For the reasons set forth above, this Court GRANTS Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #16), DENIES Plaintiff's Motion for Leave To File A Third Amended Complaint (Doc. #20), and DISMISSES WITH PREJUDICE Plaintiff's Second Amended Complaint. (Doc. #14).

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge


Dated: January 9, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

13